UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J&R SLAW, INC., : | |
| : | |
| Plaintiff, : | **COMPLAINT AND JURY DEMAND** |
| vs. : | |
| : | Civil Action |
| ALL SYSTEMS PRECAST, INC., : | Civil No. 07cv10308 |
| Defendant. : | |

Plaintiff, J&R Slaw, Inc. ("Slaw"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for its complaint herein alleges:

1. This court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the parties hereto are citizens of different states and, accordingly, are of diverse citizenship, and the amount in controversy exceeds the sum of $75,000, exclusive of interest, costs and counsel fees.

2. Plaintiff J&R Slaw, Inc. ("Slaw") is a corporation duly organized and existing under the under the laws of the Commonwealth of Pennsylvania with an office and principal place of business at 438 Riverview Road, Lehighton, Pennsylvania.

3. Upon information and belief, defendant All Systems Precast, Inc. ("All Systems"), is a corporation duly organized and existing under the laws of the State of New York with an office and principal place of business located at 108 Allen Boulevard, Farmingdale, New York.

## COUNT I

4. Plaintiff realleges each and every allegation set forth in paragraphs "1" through "3" of the complaint with the same force and effect as though fully set forth herein.

5. Heretofore, plaintiff Slaw entered into a contract with Andron Construction Corporation ("Andron") to design, fabricate and erect the precast concrete elements for a project known as the St. Cabrini Nursing Home located in Dobbs Ferry, New York ("Project").

6. In furtherance of said Project, Slaw entered into a subcontract with defendant All Systems whereby All Systems was to perform the erection of the precast concrete for the agreed-price and reasonable value of $1,818,340 ("Agreement").

7. Defendant All Systems entered into performance of said contract agreement, attended project meetings, participated in the review of development of precast piecing and sizing, participated in the determination of equipment utilization, submitted drawings for the location of proposed equipment and presented requests for change orders.

8. In or about May, 2007, defendant All Systems breached and defaulted upon said Agreement by advising plaintiff that it was "withdrawing" from the Agreement and by refusing to perform anything further in connection with the Agreement or the Project.

9. By reason of defendant's breach and default upon its contract obligations, plaintiff has been forced to engage others to complete defendant's contract obligations.

10. As a result of defendant's breach, plaintiff has incurred damages and plaintiff's cost to perform the work for the Project has substantially increased by reason of increased costs in a sum not less than $500,000.

## COUNT II

11. Plaintiff realleges each and every allegation set forth in paragraphs "1" through "10" of the complaint with the same force and effect as though fully set forth herein.

12. Defendant submitted a quote and proposal to plaintiff for the performance of the work on the Project.

13. Upon submitting this quote and proposal to plaintiff, defendant knew that plaintiff would rely on the quote and proposal in furtherance of its work on the Project.

14. Plaintiff advised defendant that it was accepting the quote and proposal and was proceeding with a subcontract agreement.

15. Defendant acknowledged the parties' agreement with respect to the Project by entering into performance by, *inter alia*, attending project meetings, participating in the review and development of precast piecing and sizing, participating in the review and development of equipment utilization, submitting drawings for locating proposed equipment and presenting requests for change orders.

16. Plaintiff relied upon defendant's acknowledgment of the parties' agreement and its obligations thereunder and the fact that it was proceeding with its work under the Agreement in connection with the Project.

17. By reason of defendant's improper refusal to perform and breach and default upon its contract obligations, plaintiff has incurred damages and plaintiff's cost to perform work for the Project has substantially and excessively increased in a sum not less than $500,000, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff J&R Slaw, Inc. demands judgment against defendant All Systems Precast, Inc. on its First Count in a sum not less than $500,000; on its Second

Count in a sum not less than $500,000, together with such other and further relief the court deems proper.

Dated: November 14, 2007

                               McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
                               Attorneys for Plaintiff

By _____
                               MARK A. ROSEN (2030)
                               88 Pine Street, 24th Floor
                               New York, New York  10005
                               (212) 483-9490